67 So.2d 1

### WINSTON v. DIXON et al.
### 6 Div. 412.

Supreme Court of Alabama.

Aug. 11, 1953.

Arthur D. Shores, Birmingham, for appellant.

G. J. Prosch, Birmingham, for appellees.

SIMPSON, Justice.

Bill in equity to declare a deed a mortgage. From a final decree denying relief this appeal has proceeded.

The law governing is well understood. For equity to grant such relief the evidence must be clear, consistent and convincing that both parties intended that the conveyance operate as a mortgage and the transaction must have created a debt for which the grantee may maintain assumpsit. Lindsey v. Hamlet, 235 Ala. 335, 179 So. 234.

It is not alone sufficient to show the grantor so intended, but it must be established by the requisite proof that the grantee also intended the conveyance to operate as such and that he accepted the instrument under that condition. Wall v. Drasheff, 249 Ala. 441, 31 So.2d 598.

It was the opinion of the trial court on a hearing of the testimony in open court that the evidence did not measure up to the required standard of proof and relief was accordingly denied. The ruling was correct. The deed, absolute in terms, was executed by appellant to Mason in December, 1940. Mason died in 1946 and this suit was

instituted in March, 1950. This delay in itself is a circumstance weighing against the claim of appellant. But more, the evidence was entirely unconvincing that there was any agreement by Mason that the deed given to him was intended to be a mortgage and that it was executed under that condition. Indeed, because of the statute, Code 1940, Title 7, § 433, there was no satisfactory evidence even that such was the intention of the appellant, she being disabled to testify in the case as to any transaction with Mason.

True, there was evidence of statements by Mason in his lifetime to witnesses in disparagement of his title, but this was only a circumstance to be weighed in connection with the other evidence and in no sense could be regarded as controlling where the essential elements for relief are not established by the required measure of proof.

Under the state of the evidence, with all the presumptions leaning against the appellant, Parrish v. Parrish, 258 Ala. 13, 61 So.2d 130(7), we must hold the decree to have been well founded.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.